**Dated: November 10, 2026**

**The following is ORDERED:**

PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IN RE:**<br><br>**SCOTT T. TAYLOR,**<br><br>**Debtor.** | **Case No. 26-10431-T**<br>**Chapter 7** |
| **MADELYN E. TAYLOR, KYLIE WRIGHT, and SYDNEY TURNER,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**SCOTT T. TAYLOR,**<br><br>**Defendant.** | **Adv. No. 26-01021-T** |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court pursuant to Creditors' Motion for Summary Judgment (the "Motion"),[1] filed by Madelyn E. Taylor, Kylie Wright, and Sydney Turner (collectively, "Plaintiffs"); Defendant's Response to Plaintiffs' Combined Motion for Summary

---

[1] ECF No. 17.

Judgment,[2] filed by Scott T. Taylor ("Defendant"); Plaintiffs' Reply in Support of Motion for Summary Judgment;[3] and Plaintiffs' Supplement to the Record (the "Supplement").[4] Plaintiffs hold a state court judgment against Defendant and filed this adversary proceeding to except the judgment from discharge pursuant to 11 U.S.C. § 523(a)(6).[5]

## Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). Determination as to the dischargeability of a debt is a "core" proceeding as that term is defined by 28 U.S.C. § 157(b)(2)(I).

## Summary Judgment Standard

The United States Court of Appeals for the Tenth Circuit has held that:

> Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id.* Put differently, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quotation omitted).[6]

The Court will apply this standard to the Motion.

---

[2] ECF No. 19.

[3] ECF No. 20.

[4] ECF No. 22.

[5] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

[6] *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).

**Background**

On August 30, 2022, Defendant filed a civil action in the District Court of Tulsa County, State of Oklahoma ("State Court"), captioned *Taylor v. Taylor*, Case No. CJ-2022-2693 ("State Court Action").[7] In the State Court Action, Defendant asserted claims of negligence per se against Plaintiffs.[8] Plaintiffs then answered Defendant's petition and asserted counterclaims against him for abuse of process and negligent hiring, training, retention, and supervision.[9] Plaintiff Madelyn Taylor also asserted a claim of assault and battery. Defendant answered Plaintiffs' counterclaims on December 28, 2022.[10] On January 4, 2023, the State Court dismissed Defendant's claims, leaving only Plaintiffs' counterclaims for adjudication.[11] On August 16, 2023, Defendant's original counsel withdrew from the State Court Action. In the order allowing the withdrawal, the State Court advised Defendant that failure to prosecute or defend the case could result in dismissal or a default judgment against him.[12]

On January 14, 2025, while Defendant remained unrepresented, the State Court entered default judgment against him as to liability on all of Plaintiffs' claims. The State Court specified that the entry of default judgment was due to Defendant's failure to appear at the court's disposition status conference scheduled for January 6, 2025 ("Order on Rule 5J"). The State Court also scheduled an evidentiary hearing on the issue of damages.[13]

---

[7] ECF No. 17, Ex. 1.
[8] *Id.*
[9] ECF No. 17, Ex. 3.
[10] ECF No. 17, Ex. 5.
[11] ECF No. 17, Ex. 7 at 8.
[12] ECF No. 17, Ex. 6.
[13] ECF No. 17, Ex. 9.

Defendant then obtained substitute counsel, who filed a Petition to Vacate Default Judgment on his behalf on September 16, 2025.[14] After denying Defendant's Petition to Vacate,[15] the State Court held two evidentiary hearings on the issue of damages on December 19, 2025, and January 5, 2026.[16] All parties were present and represented by counsel at the damages hearings.[17] The parties offered argument and presented evidence on the issue of damages.[18] On January 21, 2026, the State Court filed its Journal Entry of Judgment, which awarded compensatory damages to Plaintiffs on their claim for abuse of process in the amount of $5,000.00.[19] It awarded further compensatory damages to Plaintiff Madelyn Taylor on her claim for assault and battery in the amount of $700,000.00.[20] Because the State Court also found by clear and convincing evidence that Defendant acted with malice, it awarded Plaintiff Madelyn Taylor punitive damages in the amount of $500,000.00.[21]

On February 11, 2026, Defendant filed a Petition in Error with the Oklahoma Supreme Court, Case Number DF-123802, appealing the State Court's Journal Entry of Judgment.[22] Defendant filed his Chapter 7 Voluntary Petition in this Court, Case Number 26-10431-T, on March 23, 2026.[23] Plaintiffs then filed their Complaint initiating this adversary proceeding on May 27, 2026, and filed the instant Motion on August 13, 2026.[24] On October 2, 2026, the Court ordered Plaintiffs to supplement the record for purposes of summary judgment by filing a copy of the entire

---

[14] ECF No. 17, Ex. 7 at 13.
[15] ECF No. 17, Ex. 10.
[16] ECF No. 17, Ex. 11; ECF No. 19, Ex. 7.
[17] ECF No. 17, Ex. 11.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] ECF No. 17, Ex. 7 at 18.
[23] Case No. 26-10431, ECF No. 1.
[24] ECF No. 1, 17.

judgment roll, as defined by Okla. Stat. tit. 12, § 32.1.[25] Plaintiffs timely filed a copy of the judgment roll in accordance with the Court's order on October 23, 2026.[26] The Supplement filed by Plaintiffs constitutes the entire judgment roll from the State Court Action.[27]

**Discussion**

*A. Section 523(a)(6) – Willful and Malicious Injury*

"[A] central purpose of the [Bankruptcy] Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'"[28] Such an opportunity, however, is reserved for the "honest but unfortunate debtor."[29] As such, there are certain categories of debts which are excepted from a debtor's discharge, including "debts involving a debtor's unacceptable conduct, such as dishonesty, fraud, intentional injury, or morally reprehensible conduct."[30] While these exceptions to discharge are meant to strike a balance between debtors and their creditors, they are to be narrowly construed with any doubts resolved in the debtor's favor.[31] Furthermore, a creditor

---

[25] ECF No. 21.

[26] ECF No. 22.

[27] *See Burris v. Burris (In re Burris)*, 591 B.R. 779, 793-94 (Bankr. W.D. Okla. 2019) ("Failure to produce the judgment roll is fatal to a request that a prior judgment be given preclusive effect."); *Grassmann v. Brown (In re Brown)*, 570 B.R. 98, 113 (Bankr. W.D. Okla. 2017) ("Without the entire judgment roll, it is not possible for this Court to determine what issues were actually litigated and the legal standards employed by the State Court.").

[28] *Grogan v. Garner*, 498 U.S. 279, 286 (1991) (quoting *Loc. Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934)).

[29] *Id.* at 287.

[30] *Oil States Indus., Inc. v. Nambakam (In re Nambakam)*, No. 19-01108, 2021 WL 3777567, at *6 (Bankr. W.D. Okla. Aug. 25, 2021) (citing *Hoffman v. Anstead (In re Anstead)*, 448 B.R. 202, 207 (Bankr. N.D. Ohio 2011)).

[31] *See DSC Nat'l Props., LLC v. Johnson (In re Johnson)*, 477 B.R. 156, 168 (10th Cir. BAP 2012); *Glencove Holdings, LLC v. Bloom (In re Bloom)*, No. 22-1005, 2022 WL 2679049, at *5 (10th Cir. July 12, 2022).

seeking to except its claim from discharge pursuant to § 523 must prove the claim is nondischargeable by a preponderance of the evidence.[32]

Here, Plaintiffs argue that the debt arising from the State Court Action is nondischargeable pursuant to § 523(a)(6), which excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." For conduct to be willful for purposes of § 523(a)(6), there must have been "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."[33] "This description generally encompasses intentional torts, which require the actor intend the consequences of his act and not simply the act itself."[34] Thus, the test is subjective and the creditor must prove "that the debtor either intend the resulting injury or intentionally take action that is substantially certain to cause the injury."[35] To be malicious, "the debtor must have 'acted with a culpable state of mind vis-à-vis the actual injury caused the creditor.'"[36] This means the debtor's actions must have been wrongful and done without just cause or excuse, "even in the absence of personal hatred, spite or ill-will."[37] Thus, while a

[32] *Grogan*, 498 U.S. at 287.

[33] *Owens v. Yiannos (In re Yiannos)*, 673 B.R. 453, 489 (Bankr. D. Colo. 2025) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)) (quotations omitted); *Blue Sky Bank v. Sitton (In re Sitton)*, No. 24-1046, 2024 WL 4481704, at *3 (Bankr. W.D. Okla. Oct. 11, 2024) ("The 'willful' element requires both an intentional act and an intended harm; an intentional act that leads to harm is not sufficient.").

[34] *Myers Operations, Inc. v. Noles (In re Noles)*, No. 22-01058, 2023 WL 2636311, at *11 (Bankr. W.D. Okla. Mar. 24, 2023) (citing *In re Smith*, 618 B.R. 901, 912 (10th Cir. BAP 2020)). *See Kawaauhau*, 523 U.S. at 61-62.

[35] *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004) (quoting *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995)).

[36] *In re Yiannos*, 673 B.R. at 489 (quoting *In re Smith*, 618 B.R. at 919).

[37] *In re Smith*, 618 B.R. at 918 n.106 (quoting *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995)). *See Murphy v. Snyder (In re Snyder)*, 939 F.3d 92, 105 (2d Cir. 2019); *Kane v. Stewart Tilghman Fox & Biachi Pa (In re Kane)*, 755 F.3d 1285, 1294 (11th Cir. 2014); *Old Republic Nat'l Title Ins. Co. v. Levasseur (In re Levasseur)*, 737 F.3d 814, 818 (1st Cir. 2013); *In re Burris*, 598 B.R. at 334. *See also Bertone v. Wormington (In re Wormington)*, 555 B.R. 794, 800 (Bankr. W.D. Okla. 2016); *Gerlich v. Barwick (In re Barwick)*, No. 19-01060, 2021 WL

showing of specific intent to harm, *i.e.*, hatred, spite, or ill will, may satisfy the malicious element, it is not required.[38] Rather, the required threshold showing is the less rigorous standard of implied or constructive malice, *i.e.*, wrongful and done without just cause or excuse.

*B. Issue Preclusion*

Plaintiffs rely on the doctrine of issue preclusion in support of their request for summary judgment as to their nondischargeability claim. Defendant contends that issue preclusion does not apply here because he was not given a full and fair opportunity to actually litigate and necessarily determine the issue of liability in the State Court Action.

"Courts use the doctrine of issue preclusion to prevent the relitigation of issues or facts raised in a second suit on a separate claim between the parties."[39] In other words, issue preclusion "prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit."[40] Moreover, "[i]t is settled law that 'the doctrine of issue preclusion, does, under appropriate circumstances, apply in discharge exception proceedings pursuant to § 523(a).'"[41] "The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute . . . . This statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered."[42] As such, this Court

---

839079, at *5 (Bankr. W.D. Okla. Mar. 4, 2021); *Kanaga v. Landon (In re Landon)*, 657 B.R. 128, 141 (Bankr. N.D. Okla. 2024) (citations omitted).

[38] *See Davies v. Batcheler (In re Batcheler)*, 600 B.R. 680, 695 (Bankr. S.D. Fla. 2019) ("Because a showing of specific intent to harm another is not required, this element follows a slightly less stringent standard than willfulness.").

[39] *Ford v. Landon (In re Landon)*, 619 B.R. 727, 733 (Bankr. N.D. Okla. 2020). *See Bobby v. Bies*, 556 U.S. 825, 834 (2009).

[40] *Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d 1249, 1251 (10th Cir. 2009).

[41] *In re Landon*, 619 B.R. at 733 (quoting *Grogan*, 498 U.S. at 285 n.11).

[42] *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005).

must determine to what extent, if any, the judgment rendered by the State Court Action is preclusive under Oklahoma law.

"In Oklahoma, issue preclusion can be invoked where a court has decided an issue of fact or law necessary to its judgment to prevent the same parties or their privies from relitigating that issue in a subsequent suit brought upon a different claim."[43] To establish issue preclusion under Oklahoma law, the party asserting issue preclusion must prove the following:

> (i) the party against whom [issue preclusion] is being asserted must have been a party to the prior action; (ii) the issue subject to preclusion was actually adjudicated in the prior case; (iii) the adjudicated issue was necessary and essential to the outcome of the prior case; and (iv) the party against whom it is interposed had a full and fair opportunity to litigate the claim or critical issue.[44]

An issue is actually litigated "only if: (i) it is properly raised in pleadings or otherwise submitted for determination in a prior action; and (ii) judgment would not have been rendered but for the determination of that issue."[45] Furthermore, "issue preclusion must rest upon a final prior judgment."[46] "For the purpose of issue preclusion [under Oklahoma law], '[a] final judgment is one in which no appeal has been perfected within the time allotted by law or one in which an appeal has been properly perfected *and* acted upon by the highest court whose review has been sought.'"[47] An appeal is "properly perfected" when an appellant timely files "a petition in error

---

[43] *In re Nambakam*, 2021 WL 3777567, at *6 (first citing *Okla. Dep't of Pub. Safety v. McCrady*, 176 P.3d 1194, 1199 (Okla. 2007); and then *Miller v. Miller*, 956 P.2d 887, 897 (1998)).

[44] *Durham v. McDonald's Rest. of Oklahoma, Inc.*, 256 P.3d 64, 66-67 (Okla. 2001).

[45] *In re Burris*, 591 B.R. at 793 (citing *McCrady*, 176 P.3d at 1199).

[46] *Nealis v. Baird*, 996 P.2d 438, 459 (Okla. 1999) (first citing *Panama Processes, S.A. v. Cities Serv. Co.*, 796 P.2d 276, 283 (Okla. 1990); and then citing *Benham v. Plotner*, 795 P.2d 510, 512 (Okla. 1990)). *See Salazar v. City of Oklahoma City*, 976 P.2d 1056, 1060-61 (Okla. 1999).

[47] *In re Kramer*, 614 B.R. 899, 908 n.50 (Bankr. N.D. Okla. 2020) (emphasis added) (citing *Nealis*, 996 P.2d at 459). *See Kanaga v. Landon (In re Landon)*, No. 19-01038, 2020 WL 4658284, at *4 n.22 (Bankr. N.D. Okla. Aug. 11, 2020); *Renfrow v. Grogan (In re Renfrow)*, No. 17-1027, 2021 WL 3722219, at *4 (Bankr. N.D. Okla. Aug. 20, 2021).

with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment . . . is filed with the clerk of the trial court."[48]

The State Court filed its Journal Entry of Judgment on January 21, 2026.[49] Less than thirty days later, on February 11, 2026, Defendant filed his Petition in Error with the Oklahoma Supreme Court, challenging the State Court's Journal Entry of Judgment.[50] The Oklahoma Supreme Court then stayed its proceedings following Defendant's filing of his Notice of Bankruptcy on September 11, 2026.[51] Because Defendant appealed the Journal Entry of Judgment, and the Oklahoma Supreme Court has not yet "acted upon" the appeal, it is not considered "final" for purposes of issue preclusion under Oklahoma law.[52] As such, Plaintiffs cannot establish that the State Court Action resulted in a final judgment upon which this Court could rely for purposes of issue preclusion.[53]

Plaintiffs assert that, should the Court determine that issue preclusion cannot be applied, the evidentiary record independently establishes their § 523(a)(6) claim and entitles them to summary judgment on the issue. Plaintiffs are incorrect. The evidentiary record upon which Plaintiffs rely primarily consists of pleadings filed in the State Court Action, none of which enables this Court to decide the distinct issue of dischargeability. The Court has not been provided with

---

[48] Okla. Stat. tit. 12, § 990A(A). *See Higgins v. State*, 231 P.3d 757, 760 (Okla. Civ. App. 2010) (citing *Tinker Inv. & Mortg. Corp. v. City of Midwest City*, 873 P.2d 1029, 1036 (Okla. 1994)).

[49] ECF No. 17, Ex. 11.

[50] ECF No. 17, Ex. 7 at 18.

[51] ECF No. 22 at 19.

[52] *See, e.g.*, *In re Kramer*, 614 B.R. at 908 n.50; *Gerlich v. Barwick (In re Barwick)*, No. 19-01060, 2021 WL 839079, at *6, 8 (Bankr. W.D. Okla. Mar. 4, 2021); *In re Renfrow*, 2021 WL 3722219, at *4.

[53] Plaintiffs have not sought relief from the automatic stay to pursue resolution of the appeal of the Journal Entry of Judgment. Until a final judgment is rendered, the Court cannot consider application of the doctrine of issue preclusion in this case.

direct or circumstantial evidence proving that Defendant intended to injure each of the three Plaintiffs, or that injury was substantially certain to occur, nor has it been presented with evidence showing that Defendant acted wrongfully and without just cause or excuse.[54] "As a general rule, questions involving a person's intent or other state of mind cannot be resolved by summary judgment."[55] Thus, the Court cannot make a meaningful determination as to subjective intent based on the present record. Therefore, Plaintiffs have not established a willful and malicious injury under § 523(a)(6) and are not entitled to summary judgment on their claim of nondischargeability.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the Creditors' Motion for Summary Judgment, *at ECF No. 17*, is hereby DENIED.

###

[54] *See, e.g.*, *Perry v. Judge (In re Judge)*, 630 B.R. 338 (10th Cir. BAP 2021).

[55] *Fletcher v. Fletcher (In re Fletcher)*, 489 B.R. 224, 236 n.38 (Bankr. N.D. Okla. 2013) (quoting *In re Herrman*, 355 B.R. 287, 291 (Bankr. D. Kan. 2006)). *See also Prochaska v. Marcoux*, 632 F.2d 848, 851 (10th Cir. 1980); *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Questions of intent involve many intangible factors, such as witness credibility, that are best left to the consideration of a factfinder after a full trial."); *In re Nevarez*, 415 B.R. 540, 544 (Bankr. D.N.M. 2009); *see* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2730 (3d ed. 1998).